# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| KAMARA ABDULAI BUNDU,<br>  Plaintiff, | Case No. 1:17-cv-612 |
| | Black, J. |
| vs | Bowman, M.J. |
| U.S. ATTORNEY GENERAL, *et al.*,<br>  Defendants. | **REPORT AND RECOMMENDATION** |

Plaintiff brings this pro se prisoner civil rights action against defendants U.S. Attorney General Jeff Session, Secretary of the Department of Homeland Security John Kelley, U.S. ICE Field Office Director C.T. Shanks, and the Warden of the Immigration and Detention Facility. By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when

the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all

well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

In the complaint, plaintiff indicates that he has filed this action "to remedy [his] unlawful assault and battery by Respondents agents (ICE) and Butler County Sheriff officers." (Doc. 1-1, Complaint at PageID 2). Plaintiff alleges that he was previously located at the Butler County Jail as an immigration detainee. On August 22, 2017, he claims that he was called to meet with two ICE agents, who "subsequently demanded my signature to sign a set of dossier without any ultimatum." (*Id.* at PageID 3). When plaintiff refused to sign the documents, he claims the ICE officers and Butler County officers attacked him.[1] According to plaintiff, "[t]hese officers are anti-immigrants, racist, bigots, with no moral discipline." (*Id.*).

For relief, plaintiff seeks monetary damages. (*Id.*).

Plaintiff's complaint is subject to dismissal at the screening stage for failure to state a claim upon which relief may be granted. In this case, plaintiff seeks to hold the named defendants liable for the conduct of the two ICE agents and Butler County officers who allegedly attacked him.

---

[1] The unnamed officers are not named as defendants to this action.

However, it is well-settled that the doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability onto supervisory personnel. *See, e.g., Wingo v. Tennessee Dep't of Corr.,* 499 F. App'x 453, 455 (6th Cir. 2012) (per curiam) (citing *Polk Cnty. v. Dodson,* 454 U.S. 312, 325 (1981)). "In order to find supervisory personnel liable, a plaintiff must allege that the supervisors were somehow personally involved in the unconstitutional activity of a subordinate, . . . or at least acquiesced in the alleged unconstitutional activity of a subordinate." *Id.* (citing *Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982), and *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984)); *see also Colvin v. Caruso,* 605 F.3d 282, 292 (6th Cir. 2010) (quoting *Cardinal v. Metrish*, 564 F.3d 794, 803 (6th Cir. 2009)) (to succeed on claim against supervisory state prison officials, the plaintiff must show the officials "at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending officers"). Plaintiff has not alleged any facts even remotely suggesting that the named defendants—the U.S. Attorney General, the Secretary of the Department of Homeland Security, the ICE Field Office Director, or the Warden for Immigration Detention Facility—directly participated in the alleged violations of plaintiff's constitutional rights. Plaintiff's sole allegation against these individuals is that plaintiff "is under the direct control of Respondents and their agents." (Doc. 1-1, Complaint at PageID 2). Plaintiff's allegation is simply not enough to impose liability on the named defendants.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

2. Plaintiff's motion for a stay of removal (Doc. 7) be **DENIED.**

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an

appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny plaintiff leave to appeal *in forma pauperis*.  *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

    *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| KAMARA ABDULAI BUNDU,<br>    Plaintiff, | Case No. 1:17-cv-612 |
| vs | Black, J.<br>Bowman, M.J. |
| U.S. ATTORNEY GENERAL, *et al.*,<br>    Defendants. | **REPORT AND<br>RECOMMENDATION** |

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).